**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlotte M. Mance,<br><br>    Plaintiff,<br><br>vs.<br><br>United States of America; United States Department of Housing and Urban Development; State of Arizona; State Farm Insurance Corporation; Jones, Skelton, & Hochuli, PLC; and Scottsdale Serrento Apartments,<br><br>    Defendants. | No. CV-07-949-PHX-DGC<br><br>**ORDER** |

Plaintiff Charlotte Mance commenced this action by filing a pro se complaint on May 9, 2007. Dkt. #1. Plaintiff has filed a motion to proceed in forma pauperis. Dkt. #3. The Court will dismiss the complaint and deny the motion as moot.

Plaintiff is not a novice litigator. Over the course of the last 14 years Plaintiff has filed nine actions in this Court relating to her eviction from Scottsdale Serrento Apartments. All of the cases have been dismissed.[1]

---

[1] *See Scottsdale Serrento Apartments v. Mance*, MC-93-32-SMM; *Scottsdale Serrento Apartments v. Mance*, MC-93-72-PGR; *Scottsdale Serrento Apartments v. Mance*, CV-93-335-RGS; *Mance v. State of Arizona*, CV-94-488-EHC, *aff'd by* 40 F.3d 1246 (9th Cir. 1994); *Mance v. State of Arizona*, CV-96-2857-EHC; *Mance v. State of Arizona*, CV-97-951-

The complaint in this case alleges various improprieties in connection with Case Nos. CV-94-488-EHC and CV-97-951-RCB, including that the court dockets have been tampered with and Plaintiff's signature has been forged. Dkt. #1. Plaintiff seeks "a writ of mandamus for the reopening of both [cases] and the entry of judgment on all claims." *Id.* at 13. Plaintiff demands $360,000,000 in damages. *Id.*

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Plaintiff's complaint does not contain a specific statement of the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action, the amount in controversy exceeds $75,000 and the parties are citizens of different states, or monetary claims against the United States do not exceed $10,000. *See* 28 U.S.C. §§ 1331, 1332(a), 1346(a)(2).

In support of her request for a writ of mandamus, Plaintiff cites the "Bill of Rights, 42 USCA, Lincoln Law [and] *Green v. Texas*." Dkt. #1 at 2. This is insufficient to invoke the Court's jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1346. Plaintiff's request for a writ of mandamus does not itself create federal subject matter jurisdiction. *See* 28 U.S.C. §

RCB, *aff'd by* 172 F.3d 57 (9th Cir. 1999); *Mance v. State of Arizona*, CV-97-996-ROS; *Mance v. State of Arizona*, CV-98-1528-EHC; *Mance v. United States*, CV-06-2089-JAT.

1651(a) (stating that federal courts "may issue all writs necessary or appropriate *in aid of their respective jurisdictions*[.]") (emphasis added); *Burr & Forman v. Blair*, 470 F.3d 1019, 1027 (11th Cir. 2006) ("The [All Writs] Act does not create subject matter jurisdiction for courts where such jurisdiction would otherwise be lacking. Instead, the Act provides courts with a procedural tool to enforce jurisdiction they have already derived from another source.") (citations omitted). The Court will dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Franklin*, 662 F.2d at 1343 (affirming *sua sponte* dismissal of claims that "[did] not allege the deprivation of any constitutional right or state a federal cause of action"); *Scholastic Entm't*, 336 F.3d at 989 (same); *see also Kokkonen*, 511 U.S. at 377 (stating that the court presumes lack of jurisdiction until the plaintiff proves otherwise).

"[W]here the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant generally must be given leave to amend her complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quotation marks and citations omitted). Having reviewed the complaint in this case, the Court concludes that the jurisdictional infirmities cannot be cured by amendment. The Court accordingly will not afford Plaintiff leave to amend her complaint.

**IT IS ORDERED:**

1. Plaintiff's complaint (Dkt. #1) is **dismissed** for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed in forma pauperis (Dkt. #3) is **denied** as moot.
3. The Clerk shall **terminate** this action.

DATED this 24th day of May, 2007.

*[signature]*
David G. Campbell
United States District Judge